UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARTH ROGERS,

                Plaintiff,

                v.

MILTON BROOKS et al.,

                Defendants.
_____

8:18-cv-986
(GLS/DJS)

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael J. Strenk                 MICHAEL JOHN STRENK, ESQ.
6080 Jericho Turnpike
Suite 217
Commack, NY 11725

**FOR THE DEFENDANTS:**            NO APPEARANCES

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Garth Rogers commenced this action against defendants Milton Brooks, also known as Milt Brooks, and CCO, Inc., after they failed to fulfill his orders for custom-built furniture. (Compl., Dkt. No. 1.) Pending is Rogers' motion for default judgment. (Dkt. No. 10.)

## II. Background

**A.** **Facts**[1]

Defendants operate log furniture stores under various names in Minnesota. (Compl. ¶¶ 1-5.) On September 17, 2017, Rogers contracted with defendants for the purchase of furniture that was supposed to be delivered to New York two months thereafter. (*Id.* ¶ 6.) After Rogers paid the first half of the balance due, Brooks told him the remainder of the order, which was allegedly coming from other manufacturers and nearly completed, "would be shipped right after the new year" if he paid the other half of the balance due. (*Id.* ¶¶ 7, 8.) On December 12, 2017, Rogers paid the second half of the balance due. (*Id.* ¶ 9.)

In truth, defendants did not have the ability to supply the bulk of Rogers' order. (*Id.* ¶¶ 16-17.) Rogers received only a partial shipment of his order. (*Id.* ¶ 10.) Subsequently, the parties entered another agreement for the purchase and delivery of additional furniture, which, again, defendants only partially fulfilled. (*Id.* ¶ 11.) The value of the undelivered

---

[1] Given the entry of default, all of the well-pleaded allegations in the complaint pertaining to liability are accepted as true. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

2

furniture for both orders amounts to $56,874.13. (*Id.* at 27.)

After several conversations between the parties regarding delivery of the remainder of the furniture, defendants stopped responding to Rogers' inquiries. (*Id.* ¶ 12.) Ultimately, defendants failed to deliver the remainder of the furniture and ignored Rogers' requests for a refund. (*Id.* ¶ 13.)

**B.    Procedural History**

Rogers commenced this action on August 16, 2018. (Compl.) He alleges four causes of action in his complaint without distinguishing them in the headings. (*Id.* at 1-7.) In its last Order, the court identified causes of action for breach of contract and for a violation of N.Y. Gen. Bus. Law § 349. (Dkt. No. 11 at 3.) Rogers now contends that his complaint also includes causes of action for fraud and conversion. (Dkt. No. 12 at 2-3.) Rogers seeks $56,874.13 in compensatory damages for his first cause of action, (Compl. ¶ 14); $50,000.00 in lost profits based on a bed and breakfast, which he "lost the ability to start operating . . . for a significant period of time" for his second cause of action, (*id.* ¶ 21); $1,000.00 in treble damages and $25,000.00 in attorney's fees for his third cause of action, (*id.* ¶ 31); and $50,000.00 in punitive damages for his fourth cause of action, (*id.* ¶ 33). Although not specified in the complaint, it is clear that

Rogers attempts to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 1.)

After defendants failed to appear despite being properly served, (Dkt. No. 4), Rogers requested a Clerk's entry of default, (Dkt. No. 6), which the Clerk promptly entered, (Dkt. No. 7). On December 13, 2018, Rogers filed the pending motion for default judgment. (Dkt. No. 10.) After carefully reviewing the complaint and identifying its skepticism regarding whether the amount in controversy threshold was satisfied, the court ordered Rogers to show cause why the action should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 11 at 1-6.) In response, Rogers submitted the supplemental memorandum of law addressed below. (Dkt. No. 12.) Despite Rogers' having been afforded the opportunity to demonstrate that this action satisfies the amount in controversy requirement, he has failed to do so, and, consequently, subject matter jurisdiction is lacking.

### III. Standard of Review

"The entry of a default, while establishing liability, is not an admission of damages." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114,

128 (2d Cir. 2011).[2]  As the court discussed more fully in its prior Order, (Dkt. No. 11), "if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case [must be] dismissed for lack of subject matter jurisdiction." *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 507 n.5 (2d Cir. 2005).  Although punitive damages, if permitted under controlling law, may be used to satisfy the amount in controversy requirement, courts consider such damages with heightened scrutiny.  *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 348-49 (2d Cir. 2005).

## IV.  <u>Discussion</u>

In his supplemental memorandum of law, Rogers effectively concedes that his ability to satisfy the amount in controversy requirement hinges on whether he can recover punitive damages.  (*See generally* Dkt. No. 12.)  In sum, he argues that he can recover punitive damages via Gen. Bus. Law § 349(h), as well as the torts of fraud and conversion.[3]  (*Id.*)  The

---

[2] Unless otherwise noted, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[3] Rogers does not mention punitive damages in connection with any of his first three causes of action.  (Compl. ¶¶ 1-31.)  Instead, Rogers' fourth cause of action purports to state an independent claim for punitive damages.  (*Id.* ¶¶ 32-33.)  Rogers' original memorandum of law in support

5

court addresses each of these theories in turn.[4]

## A.    Gen. Bus. Law § 349

First, Rogers contends that he is entitled to punitive damages beyond the $1,000.00 limitation prescribed by Gen. Bus. Law § 349(h). (Dkt. No. 12 at 1-2). The court disagrees.

---

of his motion for default judgment reinforces this notion. (Dkt. No. 10, Attach. 3 at 2.) However, New York does not recognize a separate cause of action for punitive damages. *See Davis v. Mutual of Omaha Ins. Co.*, 167 A.D.2d 714, 715 (3d Dep't 1990). Moreover, Rogers' complaint does not enumerate causes of action for fraud or conversion, (*see generally* Compl.), and his original memorandum of law in support of his motion for default judgment only discusses his cause of action under Gen. Bus. Law § 349, (Dkt. No. 10, Attach. 3 at 1-3). When a party is represented by counsel, a court should not have to engage in guesswork to address every possible legal theory that is not clearly delineated in his complaint. *See Proffitt v. Village of Deposit*, 3:15-cv-750, 2018 WL 1157940, at *3 n.4 (N.D.N.Y. Mar. 12, 2018); *see also Hensel v. City of Utica*, 6:15-cv-374, 2016 WL 1069673, at *3 n.6 (N.D.N.Y. Mar. 16, 2016) ("Plaintiff is represented by counsel and is not entitled to the same liberality afforded to *pro se* litigants."). Nonetheless, the court assumes that all of the claims Rogers now identifies were properly stated in the complaint and that he sought punitive damages for each of these claims.

[4] In light of Rogers' lack of opposition to the court's previous analysis regarding his request for $25,000.00 in attorney's fees and $50,000.00 in lost profits, (Dkt. No. 11 at 3-5), the court considers these arguments abandoned. *See Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) ("Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended.").

It is well settled that "limited punitive damages" are recoverable under Gen. Bus. Law § 349(h). *Karlin v. IVF Am.*, 93 N.Y.2d 282, 291 (1999). New York courts have generally held that punitive damages recoverable under this section may not exceed $1,000.00. *See Bristol Harbour Assocs., L.P. v. Home Ins. Co.*, 244 A.D.2d 885, 885 (4th Dep't 1997) (holding award of punitive damages under Gen. Bus. Law § 349(h) may not exceed $1,000.00); *Hart v. Moore*, 587 N.Y.S.2d 477, 480 (N.Y. Sup. Ct. 1992) ("[P]unitive damages [under Gen. Bus. Law § 349] may only be awarded where the total award, together with the punitive damages, does not exceed $1,000."); *Goldberg v. Manhattan Ford Lincoln-Mercury, Inc.*, 492 N.Y.S.2d 318, 323 (N.Y. Sup. Ct. New York Cty. 1985) ("Under no circumstances could [plaintiff] assert a right to punitive damages of $1,000,000, when [Gen. Bus. Law § 349(h)] expressly limits recovery under the best of circumstances to $1,000."). The Northern and Southern Districts of New York have acknowledged this interpretation. *See Wood v. Maguire Auto. LLC*, No. 5:09–CV–640, 2011 WL 4478485, at *4 (N.D.N.Y. Sept. 26, 2011); *Mayline Enters., Inc. v. Milea Truck Sales Corp.*, 641 F. Supp. 2d 304, 310 (S.D.N.Y. 2009).

Nonetheless, Rogers asks the court to disregard these decisions and

7

instead adopt the Eastern District of New York's contrary interpretation of Gen. Bus. Law § 349(h).  (Dkt. No. 12 at 1-2); *see Cohen v. Narragansett Bay Ins. Co.*, No. 14–CV–3623, 2014 WL 4701167, at *3 (E.D.N.Y. Sept. 23, 2014) (faulting the *Hart* court's "misreading of the statutory language" and holding that "there is no precise limit on the amount of punitive damages"); *Barkley v. United Homes, LLC*, No. 04–cv–875, 2012 WL 2357295, at *17 n.16 (E.D.N.Y. June 20, 2012) ("G[en. Bus. Law] § 349(h) restricts the court's award of treble damages, but does not govern the award of punitive damages, which plaintiffs may seek in addition to treble damages."), *aff'd sub nom. Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22 (2d Cir. 2014).

These Eastern District cases rely on decisions by the Court of Appeals and the Appellate Division, Second Department that do not explicitly hold that punitive damages in excess of $1,000.00 are recoverable under Gen. Bus. Law § 349.  *See Karlin*, 93 N.Y.2d at 291 ("Among the remedies available to private plaintiffs are . . . limited punitive damages."); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 167 (2d Dep't 2010) ("[P]laintiffs may seek both treble damages and punitive damages.").  The Southern District aptly addressed why the Eastern District's reliance on

8

*Karlin* and *Wilner* is unconvincing, as well as why the Second Circuit's affirmation of *Barkley* does not mandate a finding that punitive damages under Gen. Bus. Law § 349 may exceed $1,000.00.

> Though [p]laintiff identifies a Second Circuit decision, *Barkley v. Olympia Mortgage Co.*, that cites *Wilner*, the language in *Barkley* is not inconsistent with *Karlin*. In *Barkley*, one of the defendants argued that punitive damages are not available under G[en. Bus. Law] § 349, and the Second Circuit cited *Wilner* for the proposition that "punitive damages may be awarded for a violation of G[en. Bus. Law] § 349," a fact which *Karlin* also recognized. The Second Circuit did not discuss the amount of damages that may be awarded. Even if *Barkley* were to be construed as an adoption of the reasoning in *Wilner*, it is a summary order that is not binding on this [c]ourt, *see* 2d Cir. Local Rule 32.1 ("Rulings by summary order do not have precedential effect."), and given that the summary order simply cites *Wilner* in a footnote without further analysis, it is not persuasive.

*Guzman v. Mel S. Harris and Assocs., LLC*, 16 Civ. 3499, 2018 WL 1665252, at *14 n.21 (S.D.N.Y. Mar. 22, 2018). In light of persuasive authority from the Appellate Division, Fourth Department, *see Bristol Harbour Assocs., L.P.*, 244 A.D.2d at 885, adopting the *Hart* court's interpretation, *see* 587 N.Y.S.2d at 480, the court sides with the Southern and Northern Districts, and holds that Rogers is foreclosed from recovering punitive damages in excess of $1,000.00 under Gen. Bus. Law § 349(h).

**B.    Fraud**

Next, Rogers argues that the "second cause of action for common law fraud" allows him to recover punitive damages. (Dkt. No. 12 at 2 (citing Compl. ¶¶ 15-21).)

Under New York law, "[t]he elements of a cause of action for fraud require [1] a material misrepresentation of a fact, [2] knowledge of its falsity, [3] an intent to induce reliance, [4] justifiable reliance by the plaintiff[,] and [5] damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 883 N.Y.S.2d 147, 150 (2009). As the New York Court of Appeals has explained,

> a false representation does not, without more, give rise to a right of action, either at law or in equity, in favor of the person to whom it is addressed. To give rise, under any circumstances, to a cause of action, either in law or equity, reliance on the false representation must result in injury. . . . If the fraud causes no loss, then the plaintiff has suffered no damages.

*Connaughton v Chipotle Mexican Grill, Inc.*, 53 N.Y.S.3d 598, 602 (2017). It is well-settled that New York follows the "out-of-pocket" rule, whereby "damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained," and "there can be no recovery of profits which would have been realized in the absence of fraud." *Id.*

Rogers points to the following allegation in his complaint that he argues supports an actionable fraud cause of action: "the bulk of the furniture ordered was not within [d]efendants' power to manufacture or supply and [d]efendants had no way of knowing whether or not third party manufacturers could make or supply the furniture in accordance with the promised delivery schedule." (Dkt. No. 12 at 2-3 (citing Compl. ¶ 17).) The complaint further alleges that, "[a]t the time [d]efendants made the representations regarding delivery, they were known by [d]efendants to be false . . . and were made by [d]efendants with intent to deceive and defraud [p]laintiff and to induce him to pay the full price of the furniture purchase." (Compl. ¶ 18.) As for identifying an injury, the complaint alleges that, "[a]s a result of the false and fraudulent representations of [d]efendants, and by reason of the foregoing, [p]laintiff lost the ability to start operating a bed and breakfast for a significant period of time resulting in losses of $50,000.00." (*Id.* ¶ 21.)

The court has already pointed out that plaintiff's identified injury for this cause of action—$50,000.00 in lost profits for a yet-to-be-built bed and breakfast—is speculative. (Dkt. No. 11 at 3-4.) Rogers does not attempt

11

to refute that point anywhere in his supplemental briefing.[5]  (Dkt. No. 12 at 1-4.)  Given that the damages allegedly resulting from defendants' misrepresentations are too speculative to be recovered, Rogers fails to state an actionable claim for fraud.[6]  *See Connaughton*, 53 N.Y.S.3d at 602.

C. <u>Conversion</u>

Lastly, Rogers posits that "[a]n independent tort of conversion can be inferred from the complaint."  (Dkt. No. 12 at 3.)  In support of this theory, he relies on the fact that he sent three letters demanding the return of his money to defendants but received no response.  (*Id.* (citing Compl. ¶ 13).)

---

[5] To the extent that Rogers asserts that "[t]he retention to this day of such a large percentage of the original purchase price (74%) in total silence are also damages [sic] from defendants' fraud," (Dkt. No. 12 at 3), it should be noted that allegations elsewhere in the complaint regarding damages in the amount of $56,874.13 are specifically tied to Rogers' breach of contract cause of action.  (Compl. ¶¶ 1-14.)  As such, to the extent Rogers is arguing that the injury related to his breach of contract cause of action can be transmuted to his cause of action for fraud, he is mistaken.  *See infra* Part IV.C.

[6] In any event, the court is skeptical that Rogers' allegations satisfied all of the other elements necessary to state a claim for fraud. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996) ("[F]acts [that] amount to little more than intentionally-false statements . . . indicating [an] intent to perform under [a] contract . . . [are] not sufficient to support a claim of fraud under New York law.").

12

Although the complaint points to no express damages for this cause of action—probably because it was not specifically enumerated—it is clear from the complaint that the money Rogers refers to is the purchase price he paid to defendants for furniture under the agreements. (*See generally* Compl.)

"[A] tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action . . . particularly where . . . both seek identical damages." *Duane Reade v. SL Green Operating P'ship*, 30 A.D.3d 189, 190 (1st Dep't 2006); *see MVP Health Plan, Inc. v. OptumInsight, Inc.*, 17-2955-cv, 17-3207-cv, 2019 WL 1504346, at *1-2 (2d Cir. Apr. 5, 2019) (holding dismissal of tort claim proper where duplicative of breach of contract claim). "A conversion claim cannot be based only on the allegation that a defendant received money and failed to remit payment to the plaintiff." *Interstate Adjusters v. First Fid. Bank, N.A.*, 251 A.D.2d 232, 234 (1st Dep't 1998). That is, a plaintiff must allege independent facts sufficient to give rise to tort liability. *See Fesseha v. TD Waterhouse Inv'r Servs.*, 305 A.D.2d 268, 269 (1st Dep't 2003).

Here, the complaint fails to identify any damages associated with

defendants' failure to return Rogers' payment for undelivered furniture apart from those arising from defendants' breach of the agreements for the sale and delivery of such furniture. (*Compare* Compl. at 22, 24-25, 27, *with id.* ¶¶ 6-14.)

## V. Conclusion

Accordingly, there is no basis for Rogers to recover the $50,000.00 in punitive damages that he requests. Given that the only damages identified in the complaint capable of contributing to the amount in controversy requirement are the $56,874.13 for breach of contract and a maximum of $1,000.00 for a violation of Gen. Bus. Law § 349, the $75,000.00 amount in controversy requirement cannot be recovered to a legal certainty. *See* 28 U.S.C. § 1332; *Scherer*, 347 F.3d at 397.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Rogers' motion for default judgment (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that this action is **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 17, 2019
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge